# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 11-698V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JANICE GLAUS,

   Petitioner,

  v.

SECRETARY OF HEALTH AND
HUMAN SERVICES

   Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: February 19, 2014

Decision by Stipulation; Damages;
Influenza (Flu) Vaccine; Chronic
Inflammatory Demyelinating
Polyneuropathy (CIDP)

John R. Howie, Jr., Dallas, TX, for Petitioner

Debra A. Filteau Begley, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

  On October 21, 2011, Petitioner Janice Glaus filed a petition seeking compensation under the National Vaccine Injury Compensation Program, ("the Vaccine Program").[2] Petitioner alleges that she suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") and related complications as a result of receiving an Influenza ("flu") vaccine.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B) and Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Respondent denies that Petitioner's CIDP and any related medical problems were caused by the receipt of the flu vaccine. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed February 19, 2014 that the issues before them can be settled; and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

1. A lump sum of $310,000.00, in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a) with the exception of compensation as laid out in paragraph 8(b) of the attached stipulation; and

2. An amount sufficient to purchase an annuity contract(s), subject to the conditions described in paragraph 10 of the attached stipulation, paid to the life insurance company(ies) from which the annuity(ies) will be purchased.

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

```
*****************************
JANICE GLAUS,                     *
                                  *
             Petitioner,          *       No. 11-698V
                                  *       SPECIAL MASTER
v.                                *       GEORGE HASTINGS
                                  *
SECRETARY OF HEALTH AND           *
HUMAN SERVICES,                   *
                                  *
             Respondent.          *
*****************************
```

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu immunization on October 21, 2008.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she developed chronic inflammatory demyelinating polyneuropathy ("CIDP") that was caused-in-fact by her flu vaccine. She further alleges that she experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner's CIDP, or any other injury, was caused-in-fact by her flu vaccination.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $310,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a) with the exception of compensation in paragraph 8(b) below; and

   b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, pursuant to which the

Life Insurance Company will agree to make payments periodically to petitioner for future unreimbursable medical and rehabilitation expenses as follows:

> Beginning on the first anniversary of the date of judgment, an annual amount of $18,094.00 increasing at an annual compound rate of four percent (4%), to be paid up to the anniversary of the date of judgment in year 2031, then beginning on the anniversary of the date of judgment in year 2031 an annual amount of $47,804.00 increasing at an annual compound rate of four percent (4%) to be paid for the remainder of petitioner's life.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, and litigation costs, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation

Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 21, 2008, as alleged by petitioner in a petition for vaccine compensation filed on or about October 21, 2011, in the United States Court of Federal Claims as petition No. 11-698V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

5

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's CIDP, or any other injury, was caused-in-fact by her flu vaccination.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*/s/ Janice Glaus*
JANICE GLAUS

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ John R. Howie Jr.*
JOHN R. HOWIE JR.
HOWIE LAW, P.C.
4040 North Central Expressway
Dallas, TX
(214) 622-6340

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Vincent Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*/s/ Vito Caserta*
VITO CASERTA, M.D., M.P.H
Acting Director, Division of
Vaccine Injury Compensation
Director, Countermeasures Injury
Compensation Program
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 2/18/2014

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Debra A. Filteau Begley*
DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181